UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    EASTERN NIAGARA HOSPITAL, INC.,

                 Debtor.

_____

Case No. 1-20-10903-CLB

Chapter 11

## MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO AND/OR DISCRIMINATING AGAINST THE DEBTOR ON ACCOUNT OF THE BANKRUPTCY FILING OR ANY PREPETITION AMOUNTS DUE, (B) DETERMINING THAT THE DEBTOR'S UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT, (C) ESTABLISHING PROCEDURES FOR REQUESTING ADDITIONAL ASSURANCE OF PAYMENT, AND (D) ESTABLISHING PROCEDURES FOR OBJECTING

Eastern Niagara Hospital, Inc., as debtor and debtor-in-possession (the "Debtor"), hereby moves this Court for entry of interim and final orders, in substantially the forms attached hereto as Exhibit B and Exhibit C, pursuant to Section 366 of Title 11 of the United States Code (the "Bankruptcy Code") (a) prohibiting utility companies from altering, refusing, or discontinuing services to and/or discriminating against the Debtor on account of the bankruptcy filing or any pre-petition amounts due, (b) determining that the Debtor's utility companies are adequately assured of future payment, (c) establishing procedures for determining requests for additional assurance of payment, and (d) establishing procedures to object to the relief requested herein (the "Motion".)  In addition, the Debtor requests that the Bankruptcy Court schedule a final hearing within approximately twenty-five (25) days of the commencement of this Chapter 11 case to consider approval of this Motion on a final basis.  In support of this Motion, the Debtor respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On July 6, 2020 (the "Petition Date"), the Debtor commenced this Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtor is continuing in possession of its properties and is operating and managing its businesses, as debtor in possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      Additional information about the Debtor's businesses, the events leading up to the Petition Date and the Debtor's Chapter 11 petition can be found in the Declaration of Anne McCaffrey in Support of Chapter 11 Petition and First Day Motions (the "McCaffrey Declaration"). The Debtor relies on the McCaffrey Declaration in making the Motion and incorporates it herein by reference.

4.      The Debtor is a not for profit general hospital, organized and existing under the laws of the State of New York, licensed under Article 28 of the New York State Public Health Law.

5.      Among other health care related facilities, the Debtor owns and operates medical service facilities in Lockport, New York .

6.      Through this bankruptcy proceeding, the Debtor intends to continue to operate its facilities.

2

## RELIEF REQUESTED

7.      Pursuant to Section 366(a) of the Bankruptcy Code, the Debtor seeks entry of interim and final orders (the "Order") (a) prohibiting those utility companies (each a "Utility Company" and, collectively, the "Utility Companies") that provide service to the Debtor from altering, refusing, or discontinuing services to, or discriminating against, the Debtor on account of the filing of the instant case pursuant to the Bankruptcy Code or any pre-petition amounts due to them from the Debtor; (b) determining that the Utility Companies have adequate assurance of payment; (c) establishing procedures for determining requests for additional assurance of payment, and (d) establishing procedures to object to the Motion.

## The Utility Companies

1.      The Debtor currently uses electricity, natural gas, telecommunication and other similar services provided by the Utility Companies identified on the attached Exhibit A (the "Utility List").[1] The Debtor's Utility Companies provide traditional utility services related to the day-to-day operation and maintenance of the Debtor's various facilities and offices.  As of the Petition Date, the Debtor is current on its accounts with the Utility Companies.  *See* Exhibit A.

2.      Preserving utility services on an uninterrupted basis is essential to the Debtor's ongoing operations, and, therefore, to the success of its case.  Any interruption of utility services, even for a brief period of time, would jeopardize the Debtor's operations, patient relationships, revenue, and ultimately, the Debtor's going concern value and creditors' recoveries.  It is critical that the utility services continue uninterrupted during this Chapter 11 case.

---

[1] The Debtor has made an extensive good faith effort to identify all of the Utility Companies that provide service to the Debtor and include them on the Utility List.  To the extent such information is readily ascertainable, the Utility List identifies the following information for each Utility Company:  (a) the name of the Utility Company; (b) the account number or numbers under which the Utility Company provides services to the Debtor; and (c) the security deposit, if any, each Utility Company holds.  The inclusion of any entity on, or any omission of any entity from, the Utility List is not an admission by the Debtor that such entity is or is not a utility within the meaning of Section 366 of the Bankruptcy Code, and the Debtor reserves its rights with respect thereto.

**Adequate Assurance of Payment**

3.     Pursuant to Section 366(c)(2) of the Bankruptcy Code, a Utility Company may alter, refuse or discontinue a Chapter 11 debtor's utility service if the Utility Company does not receive from the debtor or the trustee adequate assurance of payment within thirty (30) days of the commencement of the debtor's Chapter 11 case.

4.     The Debtor is current on its prepetition obligations to the Utility Companies, and pursuant to this Motion, seeks authority to continue to pay its obligations to the Utility Companies in the ordinary course of business, even though current invoices may represent primarily or even entirely pre-petition service.  In addition, some of the Utility Companies hold a security deposits (collectively the "Security Deposits").  *See* Exhibit A.  Finally, the Debtor proposes to make on-going post-petition payments from the use of cash collateral and proceeds received through ongoing business operations.

5.     In light of the foregoing the Court should determine that the Security Deposits and commitment to make all pre-petition and on-going post-petition payments through the duration of this case constitutes adequate assurance of payment for the Utility Companies (the "Proposed Adequate Assurance") and order that the same shall not alter, refuse, or discontinue services to and/or discriminate against the Debtor on account of the bankruptcy filing or any prepetition amounts due.

6.     The Debtor requests that, absent the filing of an Additional Assurance Request (as defined below) or an Objection (as defined below), each Utility Company shall be deemed to have:  (a) stipulated that the Proposed Adequate Assurance constitutes adequate assurance of payment to such Utility Company within the meaning of Section 366 of the Bankruptcy Code;

4

and (b) waived any right to seek additional or different adequate assurance during the course of these Chapter 11 cases.

**Additional Assurance Procedures**

7.        In the event that a Utility Company believes the adequate assurance provided by the Debtor through this Motion is insufficient, the additional adequate assurance of future payment ("Additional Assurance Procedures") shall apply:

a.    A Utility Company may seek additional assurances of payment in the form of deposits, prepayments, or otherwise, provided that it serves its additional assurance request ("Additional Assurance Request") upon the Debtor's counsel, Barclay Damon LLP, Attn: Jeffrey A. Dove, Esq., Barclay Damon Tower, 125 East Jefferson Street, Syracuse, New York 13202.

b.    Any Additional Assurance Request must be (i) made in writing, (ii) set forth the type of Utility Services and location for which such services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company, (iv) set forth why the Utility Company believes that it requires additional assurance of future payment, and (v) be actually received by counsel for the Debtor within twenty (20) days after entry of the interim order approving this Motion.

c.    The Debtor shall have authority to resolve, in its sole discretion, any Additional Assurance Request with the Utility Company and without further order of the Court, and in connection with any such agreement, in its sole discretion, may provide a Utility Company with additional adequate assurance of payment, including, but not limited to cash deposits, prepayments, and other forms of security, without further order of this Court.

d.    If the Debtor determines that a timely received Additional Assurance Request is not reasonable and it is not able to reach resolution with the Utility Company, the Debtor will promptly file a motion with the Court seeking a hearing to determine the adequacy of the assurances provided to the Utility Company of future payment (the "Determination Motion").

e.    The proposed adequate assurance shall be deemed adequate assurance of future payment for any Utility Company that fails to make a timely Additional Assurance Request, unless such Utility Company filed an Objection (defined below).

8.     The Debtor submits that the Additional Assurance Procedures will provide all parties with the flexibility to resolve issues without additional intervention from the Court. The Debtor respectfully requests that the Court approve the Additional Assurance Procedures.

**Objection Procedures**

9.     Section 366 of the Bankruptcy Code can be construed to allow a Utility Company, on the twenty-ninth (29th) day following the Petition Date, to announce that the adequate assurance provided by a debtor is not acceptable, demand additional adequate assurance of payment of post-petition amounts, and terminate utility service the next day if the debtor does not comply with its demand. While the Debtor does not concede that this is a correct reading of the Bankruptcy Code, the Debtor's need for uninterrupted utility services during the course of its Chapter 11 case require that it seek protection of this Court from such measures. Accordingly, the Debtor requests that Utility Companies be required to raise any Objections to the Debtor's Proposed Adequate Assurance or the Motion by filing an Objection (each, an "Objection") as set forth below.

10.     The Debtor requests that any Utility Company not satisfied with the Proposed Adequate Assurance must file a written Objection according to the procedures outlined below (the "Objection Procedures"):

    a.     Any Utility Company who objects to the adequate assurance or Additional Assurance Procedures must file an Objection so that it is actually received within five (5) business days before the date of the Final Hearing (the "Objection Deadline").

    b.     Any Objection must be (i) made in writing, (ii) set forth the amount and type of additional assurance of payment requested, (iii) set forth the location for which the Utility Services are provided, (iv) include a summary of the Debtor's payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company, (v) set forth why the Utility Company believes that it requires additional assurance of future payment, and (vi) set forth why the Utility

Company believes it should be exempted from the Additional Assurance Procedures.

c.   The Debtor shall have authority to resolve, in its sole discretion, any Objection with the objecting Utility Company and without further order of the Court, and in connection with any such agreement, in its sole discretion, may provide a Utility Company with additional adequate assurance of payment, including, but not limited to cash deposits, prepayments, and other forms of security, without further order of this Court.

d.   If the Debtor determines that a timely received Objection is not reasonable and it is not able to reach resolution with the Utility Company, the Objection shall be heard at the Final Hearing.

e.   All Utility Companies that fail to make a timely Objection are deemed to consent to the adequate assurance and Additional Assurance Procedures and shall be bound thereto.

11.   The Debtor submits that the Objection Procedures will provide all parties with the flexibility to resolve issues without additional intervention from the Court. The Debtor respectfully requests that this Court approve the Objection Procedures.

**Final Hearing Date**

12.   The Debtor requests that the Court schedule a hearing approximately twenty-five (25) days after the Petition Date to resolve any Objections. The Debtor shall send notice of the final hearing to all Utility Companies identified on the Utility List no later than three (3) business days after entry of the Interim Order.

## BASIS FOR RELIEF

13.   Section 366 of the Bankruptcy Code states, in relevant part, as follows:

(a) Except as provided in subsections (b) and (c) of this Section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this Title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

* * *

(c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under Chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.

11 U.S.C. § 366.

14.    The policy underlying Section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for post-petition utility service. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Section 366(c)(1) of the Bankruptcy Code defines "assurance of payment" to mean several enumerated forms of security (*e.g.*, cash deposits, letters of credit, prepayment for utility service) while excluding from the definition certain other forms of security (*e.g.*, administrative expense priority for a utility's claim). In addition, Section 366(c)(3)(B) of the Bankruptcy Code provides that a court may not consider certain facts (*e.g.*, a debtor's prepetition history of making timely payments to a utility) in making a determination of adequate assurance of payment.

15.    While Section 366(c) of the Bankruptcy Code clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that Section, did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a utility company. Indeed, Section 366(c) of the Bankruptcy Code not only declines to establish a minimum amount of adequate "assurance of payment," but explicitly empowers the court to determine the appropriate level of adequate assurance required in each case. *See* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of an assurance of payment...").

16.     Thus, there is nothing within Section 366 of the Bankruptcy Code that prevents a court from ruling that, on the facts of the case before it, the amount required to adequately assure future payment to a utility company is nominal, or even zero.  Prior to the enactment of Section 366(c) of the Bankruptcy Code, courts enjoyed precisely the same discretion to make such rulings pursuant to Section 366(b) of the Bankruptcy Code, and frequently did so.  *See*, *e.g.*, *Virginia Elec. & Power Co. v. Caldor, Inc.–N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under Section 366(b), includes the power to require *no* 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'") (citation omitted).

17.     Congress has not changed the requirement that the assurance of payment only be "adequate."  Courts construing Section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay.  *See In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that Section 366(b) of Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances"), *abrogated on other grounds* by *In re Lease-a-Fleet, Inc.*, 131 B.R. 945, 950 n.1 (Bankr. E.D. Pa. 1991); *accord In re Caldor, Inc.-N.Y.,* 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.  The statute does not require an 'absolute guarantee of payment.") (citation omitted), *aff'd sub nom. Caldor*, 117 F.3d 646 (2d Cir. 1997); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same); *see also Steinebach v. Tucson Elec. Power Co. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz.

2004) ("Adequate assurance of payment is not, however, absolute assurance...[A]ll § 366(b) requires is that a utility be protected from an unreasonable risk of non-payment.").[2]  Therefore, despite its language allowing a utility to take adverse action against the debtor should the debtor fail to provide adequate assurance of future payment "satisfactory to the utility," Section 366 of the Bankruptcy Code does not require that the assurance provided be "satisfactory" once a party seeks to have the Court determine the appropriate amount of adequate assurances.

18.     Based upon the foregoing, the Debtor believes that all of its Utility Companies have adequate assurance of payment.  The existing Security Deposits held by a particular Utility Company, if any, complemented by the Debtor's agreement to continue to pay invoices, including pre-petition invoices, in the ordinary course of business, together with its ability to pay post-petition obligations, significantly alleviates — if not eliminates — any concern of nonpayment on the part of the Utility Companies, and is thus clearly "adequate."

19.     Moreover, if a Utility Company disagrees with the Debtor's analysis, the Utility Company may file an Objection and negotiate a resolution thereof with the Debtor and, if necessary, seek Court intervention without jeopardizing the Debtor's ongoing business operations.  If a Utility Company fails to file an Objection prior to any Objection deadline established by this Court, such Utility Company shall be deemed to consent to the order entered on the Motion. *See In re Syroco, Inc.*, 374 B.R. 60, 62 (Bankr. D.P.R. 2007) (a utility company's lack of Objection, response, or counter-demand after receiving notice of hearing on utilities motion, notice of interim order, and notice of final hearing constitutes tacit acceptance of the

_____

[2] Courts have recognized that "[i]n deciding what constitutes 'adequate assurance' in a given case, a bankruptcy court must 'focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" *Caldor*, 117 F.3d at 650 (quoting *Penn Jersey*, 72 B.R. at 985).

debtor's proposed two-week cash deposit as adequate assurance of payment as such term is used in Section 366 of the Bankruptcy Code).

20.     Furthermore, the Court possesses the power, under Section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title." 11 U.S.C. § 105(a). The proposed procedures will ensure the Debtor continued utility services without prejudicing the Utility Companies.

21.     Receiving the relief requested herein is essential for the Debtor to be able to maintain its business operations. If the Motion is not granted, the Debtor could be forced to address numerous requests by its Utility Companies in a disorganized manner at a critical point in this Chapter 11 case. Moreover, the Debtor could be blindsided by a Utility Company unilaterally deciding, on or after the thirtieth (30th) day following the Petition Date, that it is not adequately protected and therefore that it will discontinue service or make an exorbitant demand for payment to continue service. Discontinuation of utility service could result in severe diminution of the value of the bankruptcy estate's assets. Based on the foregoing, the Debtor submits that granting the relief requested herein is both necessary and appropriate.

## WAIVER OF NOTICE AND STAY REQUIREMENTS

22.     To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Fed. Bankr. Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Fed. Bankr. Rules 6004(h), 7062, 9014, or otherwise, to the extent they may apply.

## RESERVATION OF RIGHTS

23.     Nothing in this Motion, nor any payment made pursuant to the relief sought herein, if granted, is intended or should be construed as an admission as to the validity, priority

or amount of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim or an approval or assumption of any agreement, contract or lease under Section 365 of the Bankruptcy Code and the Debtor expressly reserve its rights with respect thereto.

## NOTICE

24.     Notice of this Motion has been provided to: (i) the U.S. Trustee for the Western District of New York; (ii) counsel for the prepetition secured creditors; (iii) the creditors holding the 20 largest unsecured claims against the Debtor's estate; (iv) counsel for the Official Committee of Unsecured Creditors appointed in the Debtor's 2019 Chapter 11 case and (v) the Utility Companies identified on the Utility List attached hereto as Exhibit A. The Debtor submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully requests that the Court enter interim and final orders, substantially in the forms attached hereto as Exhibit B and Exhibit C, and grant such further relief as is just and proper.

Dated: July 8, 2020
     Syracuse, New York

           **BARCLAY DAMON LLP**
           *Proposed Counsel for Debtor and Debtor in Possession*

           By:   */s/Jeffrey A. Dove*_____
           Jeffrey A. Dove, Esq.
           Office and Post Office Address
           Barclay Damon Tower
           125 East Jefferson Street
           Syracuse, New York 13202
           Telephone: (315) 413-7112
           Facsimile: (315) 703-7346
           Email: jdove@barclaydamon.com

# EXHIBIT "A"

# EXHIBIT A

| Utility Company | Debtor's Facility | Service(s) Provided | Account No(s). | Pre-petition Balance |
|---|---|---|---|---|
| **ACC Business**<br>P.O. Box 105306<br>Atlanta, GA 30348-5306 | 521 East Avenue | Telephone | 1141854 | $0.00 |
| **City of Lockport Treasurer**<br>One Locks Plaza<br>Lockport, NY 14094 | 521 East Avenue | Water | 29-0000110-1 | $0.00 |
| | 53 S Elizabeth Drive | Water | 27-0186261-1 | $0.00 |
| | 53 N Elizabeth Drive | Water | 27-0186261-0 | $0.00 |
| | 53 Elizabeth Drive | Refuse | 40-2186261-0 | $0.00 |
| **Direct Energy Business**<br>PO Box 32179<br>New York, NY 10087-2179 | 521 East Avenue | Electric | 1568261 | $0.00 |
| | 521 East Avenue | Electric | 1227122 | $0.00 |
| | 2600 William Street | Electric | 1568263 | $0.00 |
| | 53 Elizabeth Drive | Electric | 1568259 | $0.00 |
| | 53 Elizabeth Drive | Electric | 1568258 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Electric | 1558619 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Electric | 1558620 | $0.00 |
| | 5875 S Transit Rd - House | Electric | 1568257 | $0.00 |
| | 5875 S Transit Rd - Signs | Electric | 1568260 | $0.00 |
| | 521 East Avenue | Gas | 730645-75337 | $0.00 |
| | 521 East Avenue | Gas | 730645-75342 | $0.00 |
| | 2600 William Street | Gas | 730645-75343 | $0.00 |
| | 53 Elizabeth Drive | Gas | 730645-75335 | $0.00 |
| | 53 Elizabeth Drive | Gas | 730645-75336 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Gas | 730645-75338 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Gas | 750645-75339 | $0.00 |
| | 5875 S Transit Rd - House | Gas | 730645-75340 | $0.00 |
| | 5875 S Transit Rd - Signs | Gas | 730645-75341 | $0.00 |
| **National Grid**<br>PO Box 11742<br>Newark, NJ 07101-4742 | 2600 William Street | Electric - New | 55313-20112 | $0.00 |
| **Newfane Water District**<br>2747 Main Street<br>Newfane, NY 14108 | 2600 William Street | Water | 10093000.00 98 | $0.00 |
| | 2600 William Street | Water | 10091000.00 98 | $0.00 |
| | 2600 William Street | Water | 10092000.00 98 | $0.00 |
| **NY Power Authority**<br>PO Box 5211 DPT 116048<br>Binghamton, NY 13902-5211 | 521 East Avenue | Electric | 20005742 | $0.00 |

Case 1-20-10903-MJK,   Doc 8,   Filed 07/08/20,   Entered 07/08/20 11:32:08,
Description: Main Document  , Page 14 of 29

| | | | | |
|---|---|---|---|---|
| **New York State Electric & Gas Corporation**<br>PO Box 847812<br>Boston, NY 02284-7812 | 521 East Avenue | Gas/Electric | 10010000593 | $0.00 |
| | 521 East Avenue | Gas/Electric | 10010503356 | $0.00 |
| | 521 East Avenue | Gas/Electric | 10010011269 | $0.00 |
| | 53 Elizabeth Drive | Gas/Electric | 10031977175 | $0.00 |
| | 53 Elizabeth Drive | Gas/Electric | 10034720820 | $0.00 |
| | 2600 William Street | Gas/Electric | 10010011079 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Gas/Electric | 10041172627 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Gas/Electric | 10041172635 | $0.00 |
| | 5875 S Transit Rd - House | Gas/Electric | 10041427815 | $0.00 |
| | 5875 S Transit Rd - Signs | Gas/Electric | 10036559515 | $0.00 |
| | 5875 S Transit Rd - Air Hndlr | Gas/Electric | 10041623900 | $0.00 |
| **Spectrum**<br>PO Box 70872<br>Charlotte, NC 28272-0872 | 475 S Transit Rd | Internet - Inactive | 202950600701001 | $394.99 |
| | 521 East Avenue | Internat - New | 202962072301001 | $0.00 |
| **Town of Lockport**<br>6560 Dysinger Road<br>Lockport, NY 14094 | 5875 S Transit Road | Water | 6212635800 | $0.00 |
| **Verizon**<br>PO Box 15124<br>Albany, NY 12212-5124 | 521 East Avenue | Telephone | 251510046000133 | $0.00 |
| | 521 East Avenue | Telephone | 851510159000114 | $0.00 |
| | 2600 William Street | Telephone | 152364460000132 | $0.00 |
| | 2600 William Street | Telephone | 251518051000153 | $0.00 |
| | 5875 S Transit Rd | Telephone | 651511518000110 | $0.00 |
| **Windstream**<br>PO Box 9001013<br>Louisville, KY 40290-1013 | 521 East Avenue | Telephone | 2115201 | $0.00 |
| | 2600 William Street | Telephone | 2116627 | $0.00 |

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

   EASTERN NIAGARA HOSPITAL, INC.,

                 Debtor.

_____

Case No. 1-20-10903-CLB

Chapter 11

## INTERIM ORDER (A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO AND/OR DISCRIMINATING AGAINST THE DEBTOR ON ACCOUNT OF THE BANKRUPTCY FILING OR ANY PREPETITION AMOUNTS DUE, (B) DETERMINING THAT THE DEBTOR'S UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT, (C) ESTABLISHING PROCEDURES FOR OBJECTING, AND (D) ESTABLISHING PROCEDURES FOR REQUESTING ADDITIONAL ASSURANCE OF PAYMENT

Upon the motion, (the "Motion") of Eastern Niagara Hospital, Inc., as debtor and debtor-in-possession (the "Debtor"), for this interim order (the "Order"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, (a) prohibiting the utility companies including, without limitation, those companies (the "Utility Companies") listed in Exhibit A annexed hereto (the "Utility Service List"), that provide electricity, natural gas, sewage, water, telephone services, other telephony services and/or other similar services (collectively, the "Utility Services") to the Debtor from altering, refusing or discontinuing Utility Services to and/or discriminating against the Debtor on account of the bankruptcy filing or any prepetition amounts due; (b) determining that the Utility Companies are adequately assured of future payment within the meaning of Section 366 of the Bankruptcy Code; (c) establishing procedures for objecting; (d) establishing procedures for the Utility Companies to seek additional adequate assurance of future payment; and (e) setting a final hearing (the "Final Hearing") on the Debtors' proposed adequate assurance procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted on an interim basis as set forth herein; and it is further

**ORDERED** that the Debtor is authorized to continue to pay its obligations to the Utility Companies, including pre-petition invoices or invoices including charges for pre-petition services, in the ordinary course of business, and therefore has provided adequate assurance of future payment; and it is further

**ORDERED** that the following procedures relating to the additional adequate assurance of future payment ("Additional Assurance Procedures") shall apply:

a.  If a Utility Company believes the adequate assurance provided by the Debtor through the Motion is insufficient, it may seek additional assurances of payment in the form of deposits, prepayments, or otherwise, provided that it serves its additional assurance request ("Additional Assurance Request") upon the Debtor's counsel, Barclay Damon LLP, Attn: Jeffrey A. Dove, Esq., Barclay Damon Tower, 125 East Jefferson Street, Syracuse, New York 13202.

b.  Any Additional Assurance Request must be (i) made in writing, (ii) set forth the type of Utility Services and location for which such services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company, (iv) set forth why the Utility Company believes that it requires additional assurance of future payment, and (v) be actually received by counsel for the Debtor within twenty (20) days after entry of this Order.

c.       The Debtor is granted authority to resolve, in its sole discretion, any Additional Assurance Request with the relative Utility Company and without further order of the Court, and in connection with any such agreement, in its sole discretion, provide a Utility Company with additional adequate assurance of payment, including, but not limited to cash deposits, prepayments, and other forms of security, without further order of this Court.

d.       If the Debtor determines that a timely received Additional Assurance Request is not reasonable and they are not able to reach resolution with the Utility Company, the Debtor will promptly file a motion with the Court seeking a hearing to determine the adequacy of the assurances provided to the Utility Company of future payment (the "Determination Motion").

e.       The proposed adequate assurance shall be deemed adequate assurance of future payment for any Utility Company that fails to make a timely Additional Assurance Request, unless such Utility Company filed an Objection (defined below).

**ORDERED** that any Utility Company that is unsatisfied with the adequate assurance of future payment provided or the Additional Assurance Procedures must follow the following objection procedures (the "Objection Procedures"):

a.       Any Utility Company who objects to the adequate assurance or the Additional Assurance Procedures must file a written objection to such procedures ("Objection") so that it is actually received within five (5) business days before the date of the Final Hearing.  The Objection must be served upon the Debtor's counsel, Barclay Damon LLP, Attn:  Jeffrey A. Dove, Esq., Barclay Damon Tower, 125 East Jefferson Street, Syracuse, New York 13202.

b.       Any Objection must be (i) made in writing, (ii) set forth the amount and type of additional assurance of payment requested, (iii) set forth the location for which the Utility Services are provided, (iv) include a summary of the Debtor's payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company, (v) set forth why the Utility Company believes that it requires additional assurance of future payment, and (vi) set forth why the Utility Company believes it should be exempted from the Additional Assurance Procedures.

c.       The Debtor is granted authority to resolve, in its sole discretion, any Objection with the relative Utility Company and without further order of the Court, and in connection with any such agreement, in its sole discretion, provide a Utility Company with additional adequate assurance of payment, including, but not limited to cash deposits, prepayments, and other forms of security, without further order of this Court.

d. If the Debtor determines that a timely received Objection is not reasonable and they are not able to reach resolution with the Utility Company, the Objection shall be heard at the Final Hearing.

e. All Utility Companies that fail to make a timely Objection are deemed to consent to the adequate assurance and Additional Assurance Procedures and shall be bound thereto.

**ORDERED**, that unless otherwise provided for through further order of this Court in resolution of a Determination Motion or an Objection, Utility Companies are forbidden to alter, refuse, or discontinue Utility Service on account of any prepetition charges, or to require any additional adequate assurance of payment of post-petition utility amounts; and it is further

**ORDERED** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted through this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order; and it is further

**ORDERED** that nothing in this Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement pursuant to Section 365 of the Bankruptcy Code; and it is further

**ORDERED**, that a copy of the Motion and this Order shall be served upon (i) the Office of the United States Trustee for the Western District of New York, (ii) the utility companies affected by this Motion, (iii) the secured creditors, and (iv) the Debtor's twenty (20) largest unsecured creditors by first class mail on or before _____ on July ____, 2020.

**ORDERED**, that the final hearing concerning the relief requested in the Motion shall be held before this Court on _____, 2020 at _____, or as soon thereafter as counsel may be heard. Any party in interest may object to the entry of the Final Order in accordance with the provisions of Local Bankruptcy Rule 9013-1(c). This Order shall remain in effect notwithstanding any objection until further Order of this Court. The modification or

vacation of this Order shall not impair any action taken pursuant to it prior to its modification or vacation; and it is further

**ORDERED**, that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated:    July _____, 2020

_____
HON. CARL L. BUCKI
CHIEF U.S. BANKRUPTCY JUDGE

## EXHIBIT A

| Utility Company | Debtor's Facility | Service(s) Provided | Account No(s). | Pre-petition Balance |
|---|---|---|---|---|
| **ACC Business**<br>P.O. Box 105306<br>Atlanta, GA 30348-5306 | 521 East Avenue | Telephone | 1141854 | $0.00 |
| **City of Lockport Treasurer**<br>One Locks Plaza<br>Lockport, NY 14094 | 521 East Avenue | Water | 29-0000110-1 | $0.00 |
| | 53 S Elizabeth Drive | Water | 27-0186261-1 | $0.00 |
| | 53 N Elizabeth Drive | Water | 27-0186261-0 | $0.00 |
| | 53 Elizabeth Drive | Refuse | 40-2186261-0 | $0.00 |
| **Direct Energy Business**<br>PO Box 32179<br>New York, NY 10087-2179 | 521 East Avenue | Electric | 1568261 | $0.00 |
| | 521 East Avenue | Electric | 1227122 | $0.00 |
| | 2600 William Street | Electric | 1568263 | $0.00 |
| | 53 Elizabeth Drive | Electric | 1568259 | $0.00 |
| | 53 Elizabeth Drive | Electric | 1568258 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Electric | 1558619 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Electric | 1558620 | $0.00 |
| | 5875 S Transit Rd - House | Electric | 1568257 | $0.00 |
| | 5875 S Transit Rd - Signs | Electric | 1568260 | $0.00 |
| | 521 East Avenue | Gas | 730645-75337 | $0.00 |
| | 521 East Avenue | Gas | 730645-75342 | $0.00 |
| | 2600 William Street | Gas | 730645-75343 | $0.00 |
| | 53 Elizabeth Drive | Gas | 730645-75335 | $0.00 |
| | 53 Elizabeth Drive | Gas | 730645-75336 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Gas | 730645-75338 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Gas | 750645-75339 | $0.00 |
| | 5875 S Transit Rd - House | Gas | 730645-75340 | $0.00 |
| | 5875 S Transit Rd - Signs | Gas | 730645-75341 | $0.00 |
| **National Grid**<br>PO Box 11742<br>Newark, NJ 07101-4742 | 2600 William Street | Electric - New | 55313-20112 | $0.00 |
| **Newfane Water District**<br>2747 Main Street<br>Newfane, NY 14108 | 2600 William Street | Water | 10093000.00 98 | $0.00 |
| | 2600 William Street | Water | 10091000.00 98 | $0.00 |
| | 2600 William Street | Water | 10092000.00 98 | $0.00 |
| **NY Power Authority**<br>PO Box 5211 DPT 116048<br>Binghamton, NY 13902-5211 | 521 East Avenue | Electric | 20005742 | $0.00 |

Case 1-20-10903-MJK,   Doc 8,   Filed 07/08/20,   Entered 07/08/20 11:32:08,
Description: Main Document  , Page 22 of 29

| | | | | |
|---|---|---|---|---|
| **New York State Electric & Gas Corporation** PO Box 847812 Boston, NY 02284-7812 | 521 East Avenue | Gas/Electric | 10010000593 | $0.00 |
| | 521 East Avenue | Gas/Electric | 10010503356 | $0.00 |
| | 521 East Avenue | Gas/Electric | 10010011269 | $0.00 |
| | 53 Elizabeth Drive | Gas/Electric | 10031977175 | $0.00 |
| | 53 Elizabeth Drive | Gas/Electric | 10034720820 | $0.00 |
| | 2600 William Street | Gas/Electric | 10010011079 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Gas/Electric | 10041172627 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Gas/Electric | 10041172635 | $0.00 |
| | 5875 S Transit Rd - House | Gas/Electric | 10041427815 | $0.00 |
| | 5875 S Transit Rd - Signs | Gas/Electric | 10036559515 | $0.00 |
| | 5875 S Transit Rd - Air Hndlr | Gas/Electric | 10041623900 | $0.00 |
| **Spectrum** PO Box 70872 Charlotte, NC 28272-0872 | 475 S Transit Rd | Internet - Inactive | 202950600701001 | $394.99 |
| | 521 East Avenue | Internat - New | 202962072301001 | $0.00 |
| **Town of Lockport** 6560 Dysinger Road Lockport, NY 14094 | 5875 S Transit Road | Water | 6212635800 | $0.00 |
| **Verizon** PO Box 15124 Albany, NY 12212-5124 | 521 East Avenue | Telephone | 251510046000133 | $0.00 |
| | 521 East Avenue | Telephone | 851510159000114 | $0.00 |
| | 2600 William Street | Telephone | 152364460000132 | $0.00 |
| | 2600 William Street | Telephone | 251518051000153 | $0.00 |
| | 5875 S Transit Rd | Telephone | 651511518000110 | $0.00 |
| **Windstream** PO Box 9001013 Louisville, KY 40290-1013 | 521 East Avenue | Telephone | 2115201 | $0.00 |
| | 2600 William Street | Telephone | 2116627 | $0.00 |

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    EASTERN NIAGARA HOSPITAL, INC.,

                    Debtor.

_____

Case No. 1-20-_10903_-CLB

Chapter 11

## FINAL ORDER (A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO AND/OR DISCRIMINATING AGAINST THE DEBTOR ON ACCOUNT OF THE BANKRUPTCY FILING OR ANY PREPETITION AMOUNTS DUE, AND (B) DETERMINING THAT THE DEBTOR'S UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT

Upon the motion, (the "Motion") of Eastern Niagara Hospital, Inc., as debtor and debtor-in-possession (the "Debtor"), for this final order (the "Order"), pursuant to Sections 105(a) and 366 of the Bankruptcy Code, (a) prohibiting the utility companies including, without limitation, those companies (the "Utility Companies") listed in Exhibit A annexed hereto (the "Utility Service List"), that provide electricity, natural gas, sewage, water, telephone services, other telephony services and/or other similar services (collectively, the "Utility Services") to the Debtor from altering, refusing or discontinuing Utility Services to and/or discriminating against the Debtor on account of the bankruptcy filing or any prepetition amounts due; and (b) determining that the Utility Companies are adequately assured of future payment within the meaning of Section 366 of the Bankruptcy Code, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court

having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted on a final basis as set forth herein; and it is further

**ORDERED** that the Debtor is authorized to continue to pay its obligations to the Utility Companies, including pre-petition invoices or invoices including charges for pre-petition services, in the ordinary course of business, and therefore has provided adequate assurance of future; and it is further

**ORDERED**, that unless otherwise provided for through further order of this Court, Utility Companies are forbidden to alter, refuse, or discontinue Utility Service on account of any prepetition charges, or to require any additional adequate assurance of payment of post-petition utility amounts; and it is further

**ORDERED** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted through this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order; and it is further

**ORDERED** that nothing in this Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement pursuant to Section 365 of the Bankruptcy Code; and it is further

**ORDERED** that the Debtor shall serve a copy of this Order on each Utility Company listed on the Utility Service List annexed hereto as <u>Exhibit A</u> within one (1) business day of the date this Order is entered.

Dated: _____, 2020

_____
HON. CARL L. BUCKI
CHIEF U.S. BANKRUPTCY JUDGE

# EXHIBIT A

| Utility Company | Debtor's Facility | Service(s) Provided | Account No(s). | Pre-petition Balance |
|---|---|---|---|---|
| **ACC Business** <br> P.O. Box 105306 <br> Atlanta, GA 30348-5306 | 521 East Avenue | Telephone | 1141854 | $0.00 |
| **City of Lockport Treasurer** <br> One Locks Plaza <br> Lockport, NY 14094 | 521 East Avenue | Water | 29-0000110-1 | $0.00 |
| | 53 S Elizabeth Drive | Water | 27-0186261-1 | $0.00 |
| | 53 N Elizabeth Drive | Water | 27-0186261-0 | $0.00 |
| | 53 Elizabeth Drive | Refuse | 40-2186261-0 | $0.00 |
| **Direct Energy Business** <br> PO Box 32179 <br> New York, NY 10087-2179 | 521 East Avenue | Electric | 1568261 | $0.00 |
| | 521 East Avenue | Electric | 1227122 | $0.00 |
| | 2600 William Street | Electric | 1568263 | $0.00 |
| | 53 Elizabeth Drive | Electric | 1568259 | $0.00 |
| | 53 Elizabeth Drive | Electric | 1568258 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Electric | 1558619 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Electric | 1558620 | $0.00 |
| | 5875 S Transit Rd - House | Electric | 1568257 | $0.00 |
| | 5875 S Transit Rd - Signs | Electric | 1568260 | $0.00 |
| | 521 East Avenue | Gas | 730645-75337 | $0.00 |
| | 521 East Avenue | Gas | 730645-75342 | $0.00 |
| | 2600 William Street | Gas | 730645-75343 | $0.00 |
| | 53 Elizabeth Drive | Gas | 730645-75335 | $0.00 |
| | 53 Elizabeth Drive | Gas | 730645-75336 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Gas | 730645-75338 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Gas | 750645-75339 | $0.00 |
| | 5875 S Transit Rd - House | Gas | 730645-75340 | $0.00 |
| | 5875 S Transit Rd - Signs | Gas | 730645-75341 | $0.00 |
| **National Grid** <br> PO Box 11742 <br> Newark, NJ 07101-4742 | 2600 William Street | Electric - New | 55313-20112 | $0.00 |
| **Newfane Water District** <br> 2747 Main Street <br> Newfane, NY 14108 | 2600 William Street | Water | 10093000.00 98 | $0.00 |
| | 2600 William Street | Water | 10091000.00 98 | $0.00 |
| | 2600 William Street | Water | 10092000.00 98 | $0.00 |
| **NY Power Authority** <br> PO Box 5211 DPT 116048 <br> Binghamton, NY 13902-5211 | 521 East Avenue | Electric | 20005742 | $0.00 |

| | | | | |
|---|---|---|---|---|
| **New York State Electric & Gas Corporation**<br>PO Box 847812<br>Boston, NY 02284-7812 | 521 East Avenue | Gas/Electric | 10010000593 | $0.00 |
| | 521 East Avenue | Gas/Electric | 10010503356 | $0.00 |
| | 521 East Avenue | Gas/Electric | 10010011269 | $0.00 |
| | 53 Elizabeth Drive | Gas/Electric | 10031977175 | $0.00 |
| | 53 Elizabeth Drive | Gas/Electric | 10034720820 | $0.00 |
| | 2600 William Street | Gas/Electric | 10010011079 | $0.00 |
| | 5875 S Transit Rd - Ambul Ctr | Gas/Electric | 10041172627 | $0.00 |
| | 5875 S Transit Rd - Surg Suite | Gas/Electric | 10041172635 | $0.00 |
| | 5875 S Transit Rd - House | Gas/Electric | 10041427815 | $0.00 |
| | 5875 S Transit Rd - Signs | Gas/Electric | 10036559515 | $0.00 |
| | 5875 S Transit Rd - Air Hndlr | Gas/Electric | 10041623900 | $0.00 |
| **Spectrum**<br>PO Box 70872<br>Charlotte, NC 28272-0872 | 475 S Transit Rd | Internet - Inactive | 202950600701001 | $394.99 |
| | 521 East Avenue | Internat - New | 202962072301001 | $0.00 |
| **Town of Lockport**<br>6560 Dysinger Road<br>Lockport, NY 14094 | 5875 S Transit Road | Water | 6212635800 | $0.00 |
| **Verizon**<br>PO Box 15124<br>Albany, NY 12212-5124 | 521 East Avenue | Telephone | 251510046000133 | $0.00 |
| | 521 East Avenue | Telephone | 851510159000114 | $0.00 |
| | 2600 William Street | Telephone | 152364460000132 | $0.00 |
| | 2600 William Street | Telephone | 251518051000153 | $0.00 |
| | 5875 S Transit Rd | Telephone | 651511518000110 | $0.00 |
| **Windstream**<br>PO Box 9001013<br>Louisville, KY 40290-1013 | 521 East Avenue | Telephone | 2115201 | $0.00 |
| | 2600 William Street | Telephone | 2116627 | $0.00 |