UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In re:

EASTERN NIAGARA HOSPITAL, INC.,

Case No. 1-20-10903-CLB
Chapter 11

Debtor.
-----------------------------------------------------------

# NOTICE OF DEBTOR'S MOTION TO ENLARGE THE EXCLUSIVE PERIOD WITHIN WHICH THE DEBTOR MIGHT FILE AND SEEK APPROVAL OF A DISCLOSURE STATEMENT AND PLAN AND SOLICIT ACCEPTANCES THEREOF

**PLEASE TAKE NOTICE**, that the debtor in possession, Eastern Niagara Hospital, Inc. (the "Debtor"), by its counsel, Barclay Damon LLP, will appear telephonically before the Hon. Carl L. Bucki, in the courtroom usually occupied by him at the United States Bankruptcy Court, Robert H. Jackson U.S. Courthouse, Orleans Courtroom, 5th Floor, 2 Niagara Square, Buffalo, New York 14202, on **November 2, 2020 at 10:00 am**., or as soon thereafter as counsel can be heard, seeking the entry of an Order, pursuant to 11 U.S.C. Sections 1121(b) and (c), extending for an additional 120 days, until Friday, March 5, 2021, the period within which the Debtor exclusively may file a Chapter 11 disclosure statement and plan, and extending for an additional 120 days[1], until Monday, May 4, 2021, the period within which the Debtor alone might solicit acceptances of such plan ("Motion").

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Motion shall be set forth in a writing describing the basis therefor, which shall be filed with the Court and served by first-class mail upon Barclay Damon LLP, Attn: Jeffrey A. Dove, Esq. and Beth Ann Bivona, Esq., Barclay Damon Tower, 125 East Jefferson Street, Syracuse, New York 13202 as soon as practicable.

---

[1] Because 120 days falls on Sunday May 3, 2021, the Debtor is proposing Monday, May 4, 2021.

**PLEASE TAKE FURTHER NOTICE**, any appearances must conform with the Court's Administrative Order, entitled In re: Court Proceedings During COVID-19 Public Health Emergency, dated March 24, 2020, June 29, 2020, and August 25, 2020 and available at https://www.nywb.uscourts.gov/court-coronavirus-covid-19-news-and-updates.

**PLEASE TAKE FURTHER NOTICE**, that the hearing may be adjourned from time to time without notice to any creditor or other party-in-interest other than by announcement of the adjourned date in open Court on the date of the hearing or any adjourned date thereof.

**PLEASE TAKE FURTHER NOTICE**, that copies of the Application are available from the Clerk of the United States Bankruptcy Court, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York 14202, via Pacer, http://pacer.psc.uscourts.gov, or from Barclay Damon LLP.

Dated: October 22, 2020
       Syracuse, New York

**BARCLAY DAMON LLP**
*Counsel for Debtor and Debtor In Possession*

By:    */s/Jeffrey A Dove*
Jeffrey A. Dove, Esq.
Beth Ann Bivona, Esq.
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 14302
Telephone: (315) 413-7112
Facsimile: (315) 703-7346
Email: jdove@barclaydamon.com
Email: bbivona@barclaydamon.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In re:

    EASTERN NIAGARA HOSPITAL, INC.,

                         Debtor.
-----------------------------------------------------------

Case No. 1-20-10903-CLB
Chapter 11

**DEBTOR'S MOTION TO ENLARGE THE EXCLUSIVE
PERIOD WITHIN WHICH THE DEBTOR MIGHT FILE AND
SEEK APPROVAL OF A DISCLOSURE STATEMENT AND
PLAN AND SOLICIT ACCEPTANCES THEREOF**

Eastern Niagara Hospital, Inc. ("Debtor"), by its counsel, Barclay Damon LLP, hereby moves this Court for the entry of an Order, pursuant to 11 U.S.C. Sections 1121(b) and (c), extending for an additional 120 days, until Friday, March 5, 2021, the period within which the Debtor exclusively may file a Chapter 11 disclosure statement and plan, and extending for an additional 120 days[1], until Monday, May 4, 2021, the period within which the Debtor alone might solicit acceptances of such plan (the "Motion"). A proposed order is being filed and served herewith as *Exhibit A*. In support of this Motion, the Debtor respectfully represents as follows:

### JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue in this proceeding is proper and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1408.

### BACKGROUND

3.    On July 8, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

---

[1] Because 120 days falls on Sunday May 3, 2021, the Debtor is proposing Monday, May 4, 2021

1

4. Prior to the Petition Date, on November 7, 2019, the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. The Debtor voluntarily dismissed that case so that it could receive funding under the Cares Act, Payroll Protection Program. After receiving said funding, the Debtor filed this case.

5. The Debtor remains in possession and operation of its assets and continues to manage its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in this case.

6. A committee of unsecured creditors (the "Committee") was appointed in this case by the United States Trustee pursuant to notice dated July 13, 2020.

7. The Debtor is a not for profit general hospital, organized and existing under the laws of the State of New York, licensed under Article 28 of the New York State Public Health Law.

8. The Debtor owns and operates medical facilities in Lockport, New York.

9. The Debtor intends to submit a Chapter 11 plan reflecting a restructuring of services and a management services agreement with a local health care system.

10. On July 8, 2020, the Debtor filed a Motion for Use of Cash Collateral and Establishing Date for Further Hearing on Debtor's Motion for Leave to Use Cash Collateral. (ECF #7).

11. On July 8, 2020, the Debtor also filed a Motion for Continuation of Utility Services and Approval of Adequate Assurance of Payment Pursuant to Section 366(b). (ECF #8).

12. On July 8, 2020, the Debtor filed a Motion to Allow it to Continue to Use its Prepetition Bank Accounts. (ECF #6).

13. On July 8, 2020, the Debtor filed a Motion for an Order Authorizing it to Pay Prepetition Employee Wages, Salaries and Related Items; Prepetition Employee Business Expenses, Prepetition Contributions to and Benefits Under Employee Benefit Plans; Prepetition Employee Payroll Deductions and Withholdings; and All Costs and Expenses Incident to the Foregoing Payments and Contributions. (ECF #9).

14. On July 8, 2020, the Debtor filed a Motion for Authority to Pay Prepetition Sale Tax. (ECF #10).

15. On July 8, 2020, the Debtor filed a Motion for an Order Authorizing Continuation of Debtor's Insurance policies and Payment of the Prepetition Obligation in respect thereof. (ECF #11).

16. On July 10, 2020, interim orders were entered (1) (A) prohibiting utility companies from altering, refusing or discontinuing services to and/or discriminating against the Debtor on account of the bankruptcy filing or any prepetition amounts due, (B) determining that the Debtor's utilities are adequately assured of future payment, (C) establishing procedures for objecting, and (D) establishing procedures for requesting additional assurance of payment (ECF#41); (2) permitting the Debtor to (I) continue to use existing cash management system, and (II) to maintain existing bank accounts and business forms (ECF #40); (3) (I) authorizing payment of wages, compensation and employee benefits and (II) authorizing financial institutions to honor and process checks and transfers related to such obligations (ECF #44); and (4) authorizing Debtor to pay prepetition amounts owing in respect of sales taxes (ECF#45), and final orders were entered on August 5, 2020 (ECF # 100, 101, 102, and 103), except the motion to approve the cash management system was entered on October 6, 2020 (ECF#275).

17. On July 10, 2020, an interim order was entered permitting the Debtor to use cash collateral (ECF #49). On September 4, 2020, a second interim order permitting the Debtor to use cash collateral was entered (ECF#187). On September 29, 2020, a further order permitting the Debtor to use cash collateral (ECF #254). The Court authorized the Debtor's request for further use of cash collateral until November 5, 2020 and an order should be entered shortly. (ECF #289).

18. On August 21, 2020, the Debtor filed a motion to reject a lease with Clare A. Haar (ECF #143), which was granted on August 31, 2020 (ECF #168).

19. On August 21, 2020, the Debtor filed a motion to grant relief from the automatic stay to movants that obtained an order of relief from the stay in the prior filing (ECF #144), which was granted on August 31, 2020 (ECF#170).

20. On August 25, 2020, the Debtor filed a motion to sell real property pursuant to section 363 (ECF #151), which was granted on September 21, 2020 (ECF #230).

21. On September 11, 2020, a motion was filed to assume the Debtor's executory contract with CaptureNet (ECF #203), which was granted on September 21, 2020 (ECF #231).

22. On September 24, 2020, an order was entered granting the Committee's request to issue subpoena for the production of documents. (ECF#240).

23. On September 30, 2020, the Debtor filed a motion for sale of property (ECF #259), the matter is pending before the Court.

24. Pursuant to Section 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business as a debtor in possession.

25. Since the Petition Date, the Debtor has remained current on the payment of all of its post-petition expenses.

26. Furthermore, since the commencement of this case, the Debtor has made a number of initial steps along the path toward filing a Chapter 11 plan. The Debtor has rejected various executory contracts which were burdensome to the estate and has assumed contracts that are beneficial to the estate. The Debtor brought a motion to lift the automatic stay in connection with creditors who sought relief from the stay in its prior bankruptcy filing and also resolved several additional motions for relief from stay. The Debtor retained a broker to sell real property it is no longer operating. The Debtor has obtained authority to sell a small parcel of real estate and has a motion pending for sale of other parcels of real estate.

27. The Debtor has received a positive report from its patient care ombudsman.

28. The Debtor continues to work on its operating projections with the assistance of Freed Maxick, LLP, and has recently announced a joint proposal with Catholic Health System ("CHS") to refocus the delivery of healthcare in the Lockport area.

29. While the Debtor has taken or is in the process of taking a number of necessary steps towards developing and filing a Chapter 11 plan, the Debtor must continue working on its business model with CHS and discussing its proposal with its secured lender and Creditors' Committee, before proposing a plan.

30. Thus, the Debtor requires an additional extension of the exclusive period described in Section 1121(b) of the Bankruptcy Code.

31. As the Court is aware, Bankruptcy Code Section 1121(b) provides that only a debtor may file a plan during the 120-day period after the bankruptcy filing. Bankruptcy Code Section 1121(c)(3) provides that, if a debtor files a plan within the 120-day exclusivity period, it has an exclusive 180-day period from the date of the commencement of the case to solicit acceptances of its proposed plan.

5

21495573.1
Case 1-20-10903-CLB, Doc 292, Filed 10/22/20, Entered 10/22/20 10:00:18, Description: Main Document , Page 7 of 12

32. The Debtor's statutory original exclusive period for filing a plan will expire on Thursday, November 5, 2020.

33. The period within which the Debtor alone might solicit acceptance of such plan will expire on Monday, January 4, 2021.

34. By this Motion, the Debtor seeks an additional 120 day extension of the exclusive period in which the Debtor alone may file a disclosure statement and plan, until Friday, March 5, 2021, and a similar additional 120 day extension of the exclusive period within which to solicit acceptances of a proposed plan until Monday, May 4, 2021.

35. The purpose of Bankruptcy Code Section 1121(d) is to provide the debtor with a full and fair opportunity to propose a plan without the disruption that would be caused by other parties simultaneously filing competing plans.

36. Terminating the exclusivity periods before the Debtor has an adequate opportunity to resolve key issues affecting any proposed plan will frustrate the purpose of Bankruptcy Code Section 1121. The Debtor intends to file a plan as soon as practicable. Under the circumstances of the cases described above, however, the Debtor submits that the initial 120-day exclusivity period has not permitted a sufficient amount of time to permit it to achieve this objective.

37. Bankruptcy Code Section 1121(d) expressly permits the extension of the exclusivity periods for "cause." Although cause is not defined by the Bankruptcy Code, the legislative history suggests that a decision whether or not to grant a motion to extend exclusivity lies within the sound discretion of the bankruptcy judge. *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989) (Weyler, D.J.). The term "cause" has been viewed with "maximum flexibility" and should be premised upon "some promise of probable success." *Id.*

6
21495573.1
Case 1-20-10903-CLB, Doc 292, Filed 10/22/20, Entered 10/22/20 10:00:18, Description: Main Document , Page 8 of 12

38. Under the circumstances of these cases, the Debtor submits that "cause" has been shown and requests that an order be entered, substantially in the form of that attached as *Exhibit A*, extending the exclusive time in which the Debtor alone may file a disclosure statement and plan for an additional 120 days, until Friday March 5, 2021, and requests that a similar extension of the exclusive period within which to solicit acceptances of a proposed plan be granted until Monday, May 4, 2021.

WHEREFORE, the Debtor requests that this Court enter an order granting it an extension of time within which the Debtor exclusively may file a Chapter 11 disclosure statement and plan for an additional 120 days, until Friday, March 5, 2021, and an extension of time for an additional 120 days, of the period within which the Debtor alone might solicit acceptances of such plan, until Monday, May 4, 2021 and for such other and further relief the Court deems just and proper.

Dated: October 22, 2020
       Syracuse, New York

**BARCLAY DAMON LLP**
*Counsel for Debtor and Debtor In Possession*

By:    */s/Jeffrey A. Dove*
Jeffrey A. Dove, Esq.
Beth Ann Bivona, Esq.
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 14302
Telephone: (315) 413-7112
Facsimile: (315) 703-7346
Email: jdove@barclaydamon.com
Email: bbivona@barclaydamon.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
In re:

    EASTERN NIAGARA HOSPITAL, INC.,           Case No. 1-20-10903-CLB
                                                           Chapter 11

                        Debtor.
-----------------------------------------------------------

## ORDER GRANTING DEBTOR'S MOTION TO ENLARGE THE EXCLUSIVE PERIOD WITHIN WHICH ONLY THE DEBTOR MAY FILE AND SEEK APPROVAL OF A DISCLOSURE STATEMENT AND CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

This matter having come before this Court upon the motion (the "Motion") of the Debtor-in-Possession, Eastern Niagara Hospital, Inc. ("Debtor"), seeking the entry of an Order, pursuant to 11 U.S.C. Sections 1121(b) and (c), extending for an additional 120 days, until Friday March 5, 2021, the period within which the Debtor exclusively may file a Chapter 11 disclosure statement and plan, and extending for an additional 120 days[1], until Monday, May 4, 2021, the period within which the Debtor alone might solicit acceptances of such plan (the "Motion"),

AND, this matter having come before this Court for a hearing on November 2, 2020, on notice to the Office of the United States Trustee, counsel for Citizens Bank, N.A., f/k/a RBS Citizens, N.A., counsel for the Committee of Unsecured Creditors, and those parties requesting notices, and the Court finding such notice to be adequate,

AND, no party having filed any opposition to the Motion,

NOW, upon all pleadings and proceedings had in this matter to date, and good cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted as hereinafter set forth;

---

[1] Because 120 days falls on Sunday May 3, 2021, the Debtor requested until Monday, May 4, 2021.

21495552.1
Case 1-20-10903-CLB, Doc 292, Filed 10/22/20, Entered 10/22/20 10:00:18, Description: Main Document , Page 11 of 12

**ORDERED**, that the time within which the Debtor exclusively may file a Chapter 11 disclosure statement and plan is hereby extended for an additional 120 days, until Friday, March 5, 2021; and it is further

**ORDERED**, that the period within which the Debtor alone might solicit acceptances of such plan is hereby extended for 121 days, Monday, May 4, 2021.

Dated: _____
       Buffalo, New York

 

_____
HONORABLE CARL L. BUCKI
CHIEF UNITED STATES BANKRUPTCY JUDGE