UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
In re:

                                         Case No. 1-20-10903-MJK

EASTERN NIAGARA HOSPITAL, INC.,        Chapter 11

                          Debtor.
-------------------------------------------------------------

## NOTICE OF DEBTOR'S MOTION, PURSUANT TO 11 U.S.C. § 363, FOR AUTHORITY TO SELL AT A PRIVATE SALE CERTAIN PERSONAL PROPERTY, JACKSON TABLE AND CART, TO UBNS

**PLEASE TAKE NOTICE**, that the debtor in possession, Eastern Niagara Hospital, Inc. (the "Debtor"), by its counsel, Barclay Damon LLP, will appear telephonically before the Hon. Michael J. Kaplan, in the courtroom usually occupied by him at the United States Bankruptcy Court, Robert H. Jackson U.S. Courthouse, Orleans Courtroom, 5th Floor, 2 Niagara Square, Buffalo, New York 14202, on **June 14, 2022 at 11:00 a.m.** (call-in 1-571-353-2301, courtroom ID 316729376#, and security passcode 9999#) or as soon thereafter as counsel can be heard, seeking the entry of an Order, pursuant to 11 U.S.C. §§ 363(b), (f), and (m), authorizing the Debtor to sell at private sale a Jackson Table and Cart "as is, where is," free and clear of liens, claims, and encumbrances to UBNS all as discussed more completely in this motion and waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), and for such other and further relief as the Court deems just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Motion shall be set forth in a writing describing the basis therefor, which shall be filed with the Court and served by first-class mail upon Barclay Damon LLP, Attn: Jeffrey A. Dove, Esq. and Beth Ann Bivona, Esq., Barclay Damon Tower, 125 East Jefferson Street, Syracuse, New York 13202 as soon as practicable.

24573557.1                   1
Case 1-20-10903-MJK    Doc 842    Filed 05/20/22    Entered 05/20/22 12:56:38,
Description: Main Document  , Page 1 of 21

**PLEASE TAKE FURTHER NOTICE**, any appearances must conform with the Court's Administrative Order, entitled In re: Court Proceedings During COVID-19 Public Health Emergency, dated March 24, 2020 and updated periodically and most recently on and April 28, 2022 and available at https://www.nywb.uscourts.gov/court-coronavirus-covid-19-news-and-updates.

**PLEASE TAKE FURTHER NOTICE**, that the hearing may be adjourned from time to time without notice to any creditor or other party-in-interest other than by announcement of the adjourned date in open Court on the date of the hearing or any adjourned date thereof.

**PLEASE TAKE FURTHER NOTICE**, that copies of the Motion are available from the Clerk of the United States Bankruptcy Court, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York 14202, via Pacer, http://pacer.psc.uscourts.gov, or from Barclay Damon LLP.

Dated:   May 20, 2022
         Syracuse, New York

**BARCLAY DAMON LLP**
*Counsel for Debtor and Debtor In Possession*

By:   */s/Jeffrey A. Dove*
Jeffrey A. Dove, Esq.
Beth Ann Bivona, Esq.
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 14302
Telephone:  (315) 413-7112
Facsimile:  (315) 703-7346
Email:  jdove@barclaydamon.com
Email:  bbivona@barclaydamon.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

EASTERN NIAGARA HOSPITAL, INC.,

                Debtor.
_____

Case No. 1-20-10903-MJK

Chapter 11

## DEBTOR'S MOTION, PURSUANT TO 11 U.S.C. § 363, FOR AUTHORITY TO SELL AT A PRIVATE SALE CERTAIN PERSONAL PROPERTY, A JACKSON TABLE AND CART, TO UBNS

Eastern Niagara Hospital, Inc., as debtor and debtor in possession (the "Debtor"), hereby moves this Court for an Order pursuant to 11 U.S.C. §§ 363(b), (f), and (m), authorizing the Debtor to sell at a private sale a Jackson Table and Cart for a price of $28,000.00 to University at Buffalo Neurosurgery ("UBNS") free and clear of all liens, if any, as discussed more completely in this motion and waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), and for such other and further relief as the Court deems just and proper (the "Motion"). In support of the Motion, the Debtor states as follows:

### BACKGROUND

1.       On July 8, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

2.       Prior to the Petition Date, on November 7, 2019, the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. The Debtor voluntarily dismissed that case so that it could receive funding under the Cares Act, Payroll Protection Program. After receiving said funding, the Debtor filed this case.

24573557.1             1
Case 1-20-10903-MJK,   Doc 842,   Filed 05/20/22,   Entered 05/20/22 12:56:38,
Description: Main Document  , Page 3 of 21

3.     The Debtor remains in possession and operation of its assets and continues to manage its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee has been appointed in this case.

4.     A committee of unsecured creditors (the "Committee") was appointed in this case by the United States Trustee pursuant to notice dated July 13, 2020.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Western District of New York, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The relief sought herein is based upon Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, and 6004.

## RELIEF REQUESTED

7.     The Debtor seeks the Court's approval, pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004 for entry of an order substantially in the form attached hereto as <u>Exhibit A</u> ("Sale Order"), authorizing the private sale of a Jackson Table and Cart and related equipment for a price of $28,000 "as is, where is," free and clear of liens, claims and encumbrances to UBNS, pursuant to an agreement (Agreement")[1], attached hereto as <u>Exhibit B</u>.

---

[1] The Agreement lists various equipment.  Only the Jackson Table and related accessories exceeds the amount established in the Court's De Minimis Sale Order (ECF #630).  All other Equipment will be noticed pursuant to the Court's De Minimis Sale Order.

Case 1-20-10903-MJK,   Doc 842,   Filed 05/20/22   Entered 05/20/22 12:56:38,
Description: Main Document , Page 4 of 21

**THE PERSONAL PROPERTY – INTUITIVE DA VINCI SURGICAL SYSTEM**

8.      The Debtor is a not for profit general hospital, organized and existing under the laws of the State of New York, licensed under Article 28 of the New York State Public Health Law.

9.      The Debtor owns and operates medical facilities in Lockport, New York.

10.     On July 10, 2020, an interim order was entered permitting the Debtor to use cash collateral (ECF #49).  On September 4, 2020, a second interim order permitting the Debtor to use cash collateral was entered (ECF#187).  On September 29, 2020, a further order permitting the Debtor to use cash collateral (ECF #254).  The Court authorized the Debtor's request for further use of cash collateral until November 5, 2020 (ECF #289).  On November 20, 2020, the Court authorized the Debtor's request to use cash collateral until December 11, 2020 (ECF#324) and an order granting the same was entered (ECF#325).  On December 11, 2020,  the Court authorized the Debtor's request for further use of cash collateral until December 28, 2020 (ECF#343).  On December 28, 2020, the Court authorized the Debtor's request for further use of cash collateral until January 11, 2021 (ECF#382).  On January 11, 2021, the Court authorized the Debtor's request for further use of cash collateral until January 25, 2020 (ECF#398) and an order authorized the Debtor's request until January 25, 2021 (ECF#416).  On January 25, 2020, the Court authorized the Debtor's request for further use of cash collateral until February 8, 2021 (#416).  On February18, 2020 a final order authorizing cash collateral was entered (ECF#457).

11.     On November 25, 2020, the Debtor filed Motion for Authority to Enter into a Hospital Management Agreement With CHS (ECF #329).  Various objections were filed to the motion and the Debtor filed a supplemental statement.  On December 30, 2020, over objections, the Court (Judge Kaplan) entered an order granting interim approval of the agreement through

February 17, 2021 (ECF #390). On March 10, 2021, a final order was entered approving the agreement (ECF#500).

12.    On December 7, 2020, the Debtor filed a Motion to reject a contract with Kaleida Health (ECF#339), and an order rejecting the contract was entered December 21, 2020 (ECF #362).

13.    On January 29, 2021, the Debtor filed an Emergency Motion re: (1) Seeking Interim and Final Authorization for the Debtor to Enter Into a Debtor-In-Possession Super-priority Senior Secured Credit Facility with Inter-Community Health Systems, Inc. and CHS (2) Approving a Settlement Agreement with Citizens Bank, N.A., and (3) Seeking Entry of an Order Establishing Dates for Interim and Final Hearings. (ECF#426) and the Court entered an Order Establishing Dates for Interim and Final Hearings on the Debtor's Motion for an Order Authorizing the Debtor to Enter into a Debtor-In-Possession Super-Priority Senior Secured Credit Facility with Inter-Community Health Systems, Inc. and CHS; and Establishing a Hearing Date for a Motion to Approve a Settlement Agreement with Citizens Bank, N.A. (ECF#427). On February 3, 2021, an interim order was entered authorizing the DIP Agreement and approving the Settlement Agreement. On February 12, 2021, the Court (Judge Kaplan) approved the DIP Agreement on a final basis, pending submission of a final order. On March 5, 2021, the Court entered a final order authorizing the Debtor to obtain secured, first priority Debtor in Possession financing and granted related relief, authorizing the Debtor's use of cash collateral and provided for adequate protection for the parties asserting liens or security interests. (ECF #482).

14.    On February 18, 2021, with the approval of the Settlement Agreement and DIP Agreement, the Debtor filed a motion to seek approval to enter into a Grant Agreement

(ECF#459). On March 16, 2021, the Court entered an order granting the Debtor authority to enter into the Grant Agreement (ECF#509).

15. On February 18, 2021, an order of recusal was entered and this case was assigned to Honorable Michael J. Kaplan (ECF #458).

16. The Debtor entered into a management agreement with CHS. The Debtor resolved the claim of its secured creditor, Citizens Bank has received approval on its Debtor-in-Possession financing.

17. The Debtor received a positive report from its patient care ombudsman.

18. The Debtor has concluded that it no longer requires the Jackson Table and Cart along with related accessories ("Equipment"), and accordingly, seeks authority to sell the Equipment.

19. On June 9, 2021, the Court entered an order approving the procedures for De Minimis Asset sales; assets $20,000 or less (ECF#630).

20. The current sale price is $28,000.00. The Debtor made the Equipment available to other interested parties, however, the UBNS was the best and highest offer received by the Debtor.

21. Accordingly, the Debtor now seeks to sell an idle piece of Equipment to UBNS. UBNS anticipates using the Equipment at a new location.

22. The Debtor and UBNS, negotiated a sale of the used Equipment, for the total amount of  Twenty- Eight thousand Dollars 00/100 Dollars ($28,00.00).

23. The Agreement is an arms' length transaction and requires bankruptcy court approval.

24. The Agreement contemplates that the assets are sold free and clear of all liens, claims and encumbrances.

25. While a number of UCCs are filed against specific pieces of the Debtor's equipment, the Debtor believes that there are no security interests attached to the Equipment.

26. The Agreement requires a finding that UBNS is a good faith purchaser of the Equipment and is entitled to the protections of Section 363(m) of the Bankruptcy Code.

27. UBNS is able to pay cash at closing. Said funds would be immediately available to the Debtor, and much needed by the Debtor. *See*, Exhibit B.

28. After negotiations, the Debtor accepted an offer from UBNS, subject to bankruptcy court approval.

29. The Debtor acquired the Equipment on April 30, 2021. The Debtor estimated the orderly liquidation value to be $28,000.00.

30. UBNS is ready and able to acquire the Equipment and because UBNS will absorb all costs associated with moving and relocating the equipment.

31. Additionally, the no commission is due under the Agreement which will provide the Debtor savings and further maximize the benefit to the estate.

## BASIS FOR RELIEF

32. The proposed sale meets the business judgment standard and should be approved.

## PRIVATE SALE

33. While many Section 363 sales are conducted under competitive bidding procedures, there is no requirement in Section 363 of the Bankruptcy Code to do so. In fact, Bankruptcy Rule 6004(f) specifically contemplates private sales with the statement that "all sales

not in the ordinary course of business may be by private sale or by public auction." Here, the Debtor supports the private sale of Equipment.

34.     The sale of property in bankruptcy is not required to be subject to higher and better offers when circumstances warrant approval of a private sale. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) ("Unlike judicial sales under the Bankruptcy Act, the sale of estate property under the Bankruptcy Code is conducted by a trustee, who has ample discretion to conduct public or private sales of estate property."); *Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship (In re Woodscape Ltd. P'ship)*, 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that, with respect to sales of estate property pursuant to Section 363 of the Bankruptcy Code, "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction").

35.     Courts in New York have approved private sales of assets when they think the general standards for approval under Section 363 of the Bankruptcy Code are satisfied. *See, e.g. In re Wellman, Inc*., Case No. 08-10595 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2009) (order approving sales of one of the Debtors' facilities by private sale, not subject to higher and better offers): *In re Delta Air Lines, Inc.*, Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Nov. 29, 2005) (order authorizing the sale of certain aircraft by private sale and stating that "no auction was necessary with respect to sale of the [a]ircraft").

36.     The Debtor submits that the facts in this case warrant approval of the private sale to UBNS, and special circumstances exist to approve such a sale. The Debtor is not in need of the Equipment since it has significantly scaled back its operations and the Equipment sits idle.

37.     The purchase price is based on discussions between the parties. The Debtor believes the Debtor is receiving a fair purchase price. The Debtor has reached out to other

parties to purchase the Equipment and the price received from UBNS was the best and highest price. Were the Debtor required to auction the property, it might not receive a similar or higher offer, and there would be additional costs and delay incurred in seeking approval of bidding procedures and conducting an auction.  It is the Debtor's belief, based upon its diligence, that the price offered pursuant to the Agreement is fair and reasonable, and that the timing and certainty of approving the Agreement is preferable to pursuing an auction strategy with its attendant costs, uncertain results, and delay.

38.     For all of these reasons, the private sale of the Equipment as requested herein should therefore be approved.

## REQUIREMENTS UNDER SECTION 363(b) HAVE BEEN MET

39.     Section 363(b)(1) of the Bankruptcy Code provides in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Section 105(a) of the Bankruptcy Code provides:  "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In pertinent part, Bankr. Rule 6004 states that "all sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1).  With respect to the notice required in connection with a private sale, Bankruptcy Rule 2002(c)(1) states, in pertinent part, that,

> [T]he notice of a proposed  use, sale or lease of property . . . shall include .
> . . The terms and conditions of any private sale and the deadline for filing
> objections.  The notice of a proposed use, sale or lease of  property,
> including real estate, is sufficient if it generally describes the property.
> Fed. R. Bankr. P. 2002(c)(1).

40.     Section 363 (b) of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate.  However, bankruptcy courts have required that the authorization of such use, sale, or

lease of property of the estate, when not pursued in the ordinary course of business, must be based upon the sound business judgment of the debtor. *See*, *In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992). *See also*, *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale, or lease of property outside the ordinary course of business).

41.     This fundamental analysis does not change if the proposed sale is a private sale rather than a public sale. *See, In re Ancor Exploration Co.*, 30 B.R. 802, 808 (Bankr. N.D. Okla. 1983). ("[T]he bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate's assets not in the ordinary course of business under § 363(b)). Here, the proposed private sale of the Equipment meets all of these requirements and should be approved.

42.     Courts generally show great deference to a debtor in possession's decisions when applying the business judgment standard. *See, In re Global Crossing, Ltd.*, 295  B.R. 726, 744 n.58 (Bankr. S.D.N.Y. 2003).  ("[t]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the case law.")  Deference is inappropriate only if such business judgment is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Richmond Metal Finishers,* 756 F.2d at 1047).

43.     Once a court is satisfied that there is a sound business justification for the proposed sale, the court must then determine whether (i) adequate and reasonable notice has been provided to the interested parties, (ii) the sale price is fair and reasonable, and (iii) the purchaser's proceeding in good faith. *In re Betty Owens Sch.,* 1997 U.S. Dist. Lexis 5877

(S.D.N.Y. 1997); accord *In re Delaware and Hudson Ry. Co.* 124 B.R. 166, 169 (D.Del 1991). The business judgment standard has been met here.

44.     There is more than ample business justification, under the circumstances of this Chapter 11, to proceed with the sale of the Equipment.  Some factors include:  (1) the Equipment is idle and the Debtor has ceased it surgical operations; (2) the Debtor and UBNS have negotiated the purchase as an arm's length good faith transaction; (3) UBNS will pay cash at closing and has no contingencies; (4) UBNS is ready to complete the transaction; and (5) the Equipment is owned free and clear.

45.     Moreover, a private sale of the Equipment is more likely to close in a timely and efficient manner.  Beyond the desire of the parties to move forward more expeditiously than a public sale process would permit, the Debtor believes a private sale would realize additional value over a public sale process.  Given the parties desire to close on an expedited basis, and the Debtor's informed business judgment, the private sale to the UBNS represents the best opportunity to realize the maximum value for the Equipment.

46.     Proceeding with the sale of the Equipment at this time will also allow the Debtor to convert the Equipment into immediate cash and avoid the Equipment sitting idle for an unknown period of time.

47.     The Debtor submits that an order granting the relief requested herein is a matter within the discretion of the Court and is consistent with the provisions of the Bankruptcy Code.

48.     The Debtor owns the property free and clear of any liens and encumbrances.  The Debtor believes the offer received is reasonable and is a fair value for the Equipment  By selling the property as a private transaction, the Debtor avoids delays and expenses otherwise incurred in an auction process.

## THE PURCHASER AT THE PRIVATE SALE IS ENTITLED TO
## THE PROTECTIONS AFFORDED TO GOOD FAITH PURCHASERS

49.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from the debtor notwithstanding the sale conducted under section 363(b) is later reversed or modified on appeal. Specifically, section 363(m) states that:

> the reversal or modification on appeal of an authorization under [section 262(b)] . . . does not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal  11 U.S.C. § 363(m).

Section 363(m) "fosters the 'policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely.'", *In re Chateaugay Corp.*, 1993 U.S. Dist. Lexis 6130, at *9 (S.D.N.Y. 1993) (quoting *In re Abbotts Dairies of Penn., Inc.*  788 F.2d 143, 147).  Section 363(m) also "provides that good-faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transfer he knew the pendency of the appeal." *Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y 1994).

50.     The terms of the agreement were negotiated at arm's length and in good faith. Accordingly, the Debtor requests this Court to determine that the Purchaser is acting in good faith and entitled to the production of a good faith purchaser under section 363(m) of the Bankruptcy Code.

51.     For the reasons set forth herein, and as will be further shown at the sale hearing, UBNS's offer provides a greater recovery for the estate than any known or practically available alternative, Debtor submits that the sale is an exercise of the Debtor's sound business judgment. The sale has been proposed in good faith, without collusion in the prospective purchaser is a good faith purchaser.

## WAIVER OF BANKRUPTCY RULE 6004

52.     To implement the foregoing successfully, the Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004 (a) and that the Debtor has established cause to exclude such relief from the 14 day stay under Bankruptcy Rule 6004 (h).

## NOTICE

53.     Notice of this Motion has been given to the (i) Office of the United States Trustee; (ii) counsel for the Debtor-in- Possession lender; (iii) counsel for the committee of unsecured creditors; (iv) creditors; and (v) any party requesting notice pursuant to Rule 2002 of the Bankruptcy Rules pursuant to an Order shorten notice, setting for the manner of service.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter the sale order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper .

Dated:  May 19, 2022
         Syracuse, New York

**BARCLAY DAMON LLP**
*Counsel for Debtor and Debtor In Possession*

By: _____
Jeffrey A. Dove, Esq.
Beth Ann Bivona, Esq.
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 14302
Telephone:  (315) 413-7112
Facsimile:  (315) 703-7346
Email:  jdove@barclaydamon.com
Email:  bbivona@barclaydamon.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------------
In re:

Case No. 1-20-10903-MJK

EASTERN NIAGARA HOSPITAL, INC.,      Chapter 11

Debtor.
--------------------------------------------------------------

**ORDER AUTHORIZING THE DEBTOR TO SELL CERTAIN PERSONAL
PROPERTY, JACKSON TABLE WITH CART AND ACCESSORIES
PURSUANT TO 11 U.S.C. § 363, AND WAIVING THE
FOURTEEN DAY STAY UNDER BANKRUPTCY RULE 6004(H)**

Upon the motion dated May 19, 2022 (the "Motion") of the debtor in possession, Eastern

Niagara Hospital, Inc. (the "Debtor"), by its counsel, Barclay Damon LLP, pursuant to 11 U.S.C.

§§ 363(b) and (m), authorizing the Debtor to sell at a private sale certain personal property, a

Jackson Table with cart and related accessories (collectively, the "Equipment") to University at

Buffalo Neurosurgery ("UBNS"), and waiver of the 14-day stay imposed by Bankruptcy Rule

6004(h) (the "Motion") and for such other and further relief as the Court deems just and proper.

AND the Court finding and determining that:

        (i)     the sale of the Equipment is necessary and is in the best interest of the

Debtor, its creditors and its estate;

        (ii)    the sale of the Equipment by the Motion is a sound exercise of the

Debtor's business judgment and is in good faith;

        (iii)   Equipment is owned by the Debtor free and clear of all liens;

        (iv)   notice of the Motion has been given to the Office of the United States

Trustee, Counsel for the Unsecured Creditors Committee, Counsel for the Debtor' In Possession

Lender, and all other notice parties, and no other notice need be given;

24573557.1                         14
Case 1-20-10903-MJK,   Doc 842,   Filed 05/20/22,   Entered 05/20/22 12:56:38,
Description: Main Document , Page 16 of 21

(v)     a reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested parties and entities;

(vi)    this Court has jurisdiction over the Motion; and

(vii)   sufficient cause appearing therefore,

NOW, upon all pleadings and proceedings had in this matter to date, and good cause appearing therefor, it is hereby

**ORDERED**, the Motion is GRANTED as hereinafter set forth; and it is further

**ORDERED**, that the Debtor's sale of the Equipment be and hereby is approved and authorized;

**ORDERED**, that pursuant to Sections 363(b) the Debtor is authorized and empowered to sell the Equipment where is, as is, without representation, warranty, statement or guaranty of any kind, whether express or implied, free and clear of all interests and liens, by private sale to UBNS ("Purchaser"), pursuant to the terms of this Order; and it is further

**ORDERED**, that the Debtor and its respective officers, employees, and agents are authorized and directed to take any and all actions necessary, appropriate or reasonably required by the Purchaser to perform, consummate, and implement the closing the sale of the Equipment as contemplated by the sale agreement;

**ORDERED**, that the agreement, a copy of which is attached to the Motion, has been negotiated and executed, and has been undertaken, by the Debtor, the Purchaser, and their respective representatives at arm's length, without collusion and in good faith, and the Purchaser is therefore and hereby afforded the protections of Bankruptcy Code Section 363(m); and it is further

**ORDERED**, that this order constitutes a final and appealable order within the meaning of 28 U.S.C. §158(a) and that the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

Dated:    June ___, 2022
           Buffalo, New York

                                        _____
                                          MICHAEL J. KAPLAN
                                          CHIEF U.S. BANKRUPTCY JUDGE

# EXHIBIT B

COUNTER OFFER

TO:       EASTERN NIAGARA HOSPITAL

FROM:    UBNS

EMAIL SPREADSHEET DATED APRIL 28, 2022

| | Quantity | Proposed Price | Total Price |
|---|---|---|---|
| **Instruments** | | | |
| Laminetomy Trays (Pic) | 2 | $100.00 | $200.00 |
| Cervical Trays (Pic) | 2 | $50.00 | $100.00 |
| Misc Peel packed inst | 434 | $2.00 | $868.00 |
| Cervical TSI Retractor | 1 | $500.00 | $500.00 |
| Cervical Cloward Retrctor | 1 | $20.00 | $20.00 |
| Deep and regular retrctor pic | 1 | $15.00 | $15.00 |
| | | | |
| Box of loose inset (pic) | 1 | $10.00 | $10.00 |
| Misc cords and Inst (Pic) | 1 | $10.00 | $10.00 |
| Misc cords and Inst (Pic) | 1 | $10.00 | $10.00 |
| Hand trays Pic | 1 | $20.00 | $20.00 |
| | | | |
| Long Inst Tray (pic) | 1 | $75.00 | $75.00 |
| Neuro Accessories tray (pic) | 1 | $100.00 | $100.00 |
| Metal basins | 15 | $1.00 | $15.00 |
| metal bowles | 8 | $1.00 | $8.00 |
| Metal trays | 6 | $1.00 | $6.00 |
| GYN Tray | 1 | $40.00 | $40.00 |
| General Tray | 3 | $20.00 | $60.00 |
| Bowl Tray | 2 | $30.00 | $60.00 |
| Misc Tray arthrosopy | 1 | $30.00 | $30.00 |
| Misc tray w/osteotomes | 1 | $30.00 | $30.00 |
| metal cups | 13 | $0.50 | $6.50 |
| | | | |
| **Sterilizaton Containers** | | | |
| Genesis Style | 18 | $75.00 | $1,350.00 |
| Plastic | 7 | $10.00 | $70.00 |
| Metel Baskets | 5 | $10.00 | $50.00 |
| | | | |
| **Storage & Carts** | | | |
| Storage Cabinet | 1 | $50.00 | $50.00 |
| Drawer Storage Boxes | 6 | $5.00 | $30.00 |
| Yellow bins | 15 | $1.00 | $15.00 |
| Metel racks w/wheels | 11 | $150.00 | $1,650.00 |
| Blue Cart | 1 | $5.00 | $5.00 |
| Cream Cart | 1 | $5.00 | $5.00 |
| Rolling tables | 8 | $20.00 | $160.00 |

24573557.1              18
Case 1-20-10903-MJK,   Doc 842,   Filed 05/20/22,   Entered 05/20/22 12:56:38,
Description: Main Document  , Page 20 of 21

| Equipment | | | |
|---|---|---|---|
| Table Top Fluid Warmer | 1 | $1,470.00 | $1,470.00 |
| Anestesia Machine | 1 | $3,675.00 | $3,675.00 |
| Bovi/Bipolar Machines | 3 | $400.00 | $1,200.00 |
| Malis Irrigation 1000 | 1 | $1,610.00 | $1,610.00 |
| Electric Drill generator | 1 | $400.00 | $400.00 |
| handpieces for drill | 3 | $25.00 | $75.00 |
| drill bits | 8 | $1.00 | $8.00 |
| rolling stools | 2 | $5.00 | $10.00 |
| exam light | 1 | $5.00 | $5.00 |
| Bear Huggers | 2 | $75.00 | $150.00 |
| Battery Power | 1 | $10.00 | $10.00 |
| Lead Apron W/ 2 colors | 2 | $10.00 | $20.00 |
| Jackson Table and cart | 1 | $28,000.00 | $28,000.00 |
| clippers | 2 | $5.00 | $10.00 |
| Arm pads | 3 | $5.00 | $15.00 |
| Arm boards | 4 | $10.00 | $40.00 |
| bean bag | 1 | $10.00 | $10.00 |
| head pad | 1 | $5.00 | $5.00 |
| Blue pump | 1 | $20.00 | $20.00 |
| safety strap | 1 | $3.00 | $3.00 |
| mayfield extension bar | 1 | $25.00 | $25.00 |
| sand bags | 2 | $5.00 | $10.00 |
| arm sleds | 2 | $10.00 | $20.00 |
| gel pad | 1 | $5.00 | $5.00 |
| blue reusable towels | 50 | $0.50 | $25.00 |
| Metal glove holders | 20 | $5.00 | $100.00 |
| Plastc Glove Holders | 8 | $5.00 | $40.00 |
| small plastic trash can | 3 | $5.00 | $15.00 |
| hook rack | 5 | $10.00 | $50.00 |
| box of sterilaztion rolls | 8 | $20.00 | $160.00 |
| box of sterilazation pouches | 3 | $20.00 | $60.00 |
| 1 casee of instrument bags for small ist in trays | 1 | $10.00 | $10.00 |
| inst protector trays | 10 | $10.00 | $100.00 |